# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# LUKFIN DIVISION

| | |
|---|---|
| JULIE A. GORNEY,<br><br>　　Plaintiff,<br><br>v.<br><br>NORTHSTAR LOCATION SERVICES, LLC.<br><br>　　Defendant. | Case No. 9:21-cv-00083 |

## COMPLAINT

**NOW COMES** JULIE A. GORNEY, through her undersigned counsel, complaining of Defendant, NORTHSTAR LOCATION SERVICES, LLC, as follows:

## NATURE OF THE ACTION

1.　This action is brought pursuant to Fed. R. Civ. P. 23 by Plaintiff, seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2.　This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.　Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4.　JULIE A. GORNEY ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this federal jurisdiction.

5.　Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

6. NORTHSTAR LOCATION SERVICES, LLC ("Defendant") is a limited liability company organized under the laws of New York.

7. Defendant maintains its principal place of business at 4285 Genessee Street, Cheektowaga, NY 14225.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of Defendant's business is the collection of debt.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10. Plaintiff applied for and was approved for a Bank of America, N.A. Credit Card ("the credit card").

11. Plaintiff obtained the credit card for personal use.

12. Due to unforeseen financial difficulties, Plaintiff was unable to stay current and eventually defaulted on the credit card. ("subject debt").

13. Shortly thereafter, the subject debt was assigned to Defendant for collection.

14. At the time the subject debt was assigned to Defendant there was an outstanding balance of $1,839.04.

15. The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(5) because it was incurred for personal, family, or household purposes.

16. On September 08, 2020 Defendant sent Plaintiff a letter seeking to collect the subject debt ("Collection Letter").

17. The Collection Letter depicted, in pertinent part:

We are willing to accept the following payment plan to resolve your account(s). Please feel free to contact our office to discuss additional payment options.

| Payment # | Payment Amount | Payment Date | Payment # | Payment Amount | Payment Date |
|---|---|---|---|---|---|
| 1 | $76.63 | 10/08/2020 | 2 | $76.63 | 11/08/2020 |
| 3 | $76.63 | 12/08/2020 | 4 | $76.63 | 01/08/2021 |
| 5 | $76.63 | 02/08/2021 | 6 | $76.63 | 03/08/2021 |
| 7 | $76.63 | 04/08/2021 | 8 | $76.63 | 05/08/2021 |
| 9 | $76.63 | 06/08/2021 | 10 | $76.63 | 07/08/2021 |
| 11 | $76.63 | 08/08/2021 | 12 | $76.63 | 09/08/2021 |
| 13 | $76.63 | 10/08/2021 | 14 | $76.63 | 11/08/2021 |
| 15 | $76.63 | 12/08/2021 | 16 | $76.63 | 01/08/2022 |
| 17 | $76.63 | 02/08/2022 | 18 | $76.63 | 03/08/2022 |
| 19 | $76.63 | 04/08/2022 | 20 | $76.63 | 05/08/2022 |
| 21 | $76.63 | 06/08/2022 | 22 | $76.63 | 07/08/2022 |
| 23 | $76.63 | 08/08/2022 | 24 | $76.55 | 09/08/2022 |

Interest and/or fees will not accrue on this account.

To make paying your account more convenient we offer Payment-by-phone at 1-866-677-2629 or via Web Pay at https://www.gotonls.com. We accept checking, savings, and debit card.

This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.

18. The Collection Letter stated that Plaintiff's "Balance" was $1,839.04.

19. Furthermore, Defendant's Collection Letter proposed to resolve the subject debt in the amount of $1,762.41 over 24 payments.

20. The Collection Letter created a false sense of urgency to pay because it implied that the offer to settle the subject debt for $1,762.41 would expire if plaintiff did not make payment by the requested deadline of October 08, 2020.

21. However, Defendant's offer to settle the subject debt for $1,762.41 was (1) perpetual and (2) extended to numerous of similarly situated consumers, and thus was by no means something that would require Plaintiff to act with urgency.

22. Additionally, the Collection Letter specifically lacked any detail surrounding the settlement offer.

23. The Collection Letter did not specifically state what the settlement offer balance was.

24. The Collection Letter did not specifically state if the amount offered through the payment plan would be considered a full and complete settlement for the subject debt.

25. Simply put, Defendant's Collection Letter did not state what the settlement offer was in clear terms, created a sense of urgency to act and was highly confusing.

26. Upon information and belief Defendant deliberately designed the language contained in the Collection Letter to create a false sense of urgency to pressure Plaintiff into making a prompt payment on the subject debt to avoid missing out on the proposed settlement offer.

## DAMAGES

27. Concerned with having her rights violated, Plaintiff was forced to retain counsel; expending time and incurring attorney's fees to vindicate her rights.

28. Moreover, Plaintiff suffered significant emotional distress and anxiety as a result of Defendant's correspondence.

29. Additionally, as a result of the confusing language in the Collection Letter sent by Defendant, Plaintiff was deprived of her right to receive clear information as required by the FDCPA.

## Count I – Violations of Sections 1692e and e(10) of the FDCPA

30. Plaintiff restates and incorporates all paragraphs as if fully set forth herein.

31. Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. § 1692e.

32. Section 1692e(10) of the FDCPA prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collet any debt. 15 U.S.C. § 1692e(10).

33. The Collection Letter violated 15 U.S.C. §§1692e and e(10) by falsely implying that the settlement offer was open for a limited amount of time when in reality it was open perpetually and was in no way something Plaintiff needed to act with urgency on.

34. Specifically, the Collection Letter was misleading because upon information and belief, Defendant's offer to settle the subject debt was extended to additional consumers in similar situations and thus was by no means set to expire.

35. As a result of the language contained in the Collection Letter, Plaintiff was misled into believing that the settlement offer was unique to her and would expire 30 days after Plaintiff received the collection letter, thus creating a false sense of urgency to make payment in the offered amount before the offer expired.

36. As the Seventh Circuit Court of Appeals in *Evory v. RJM Acquisitions Funding, L.L.C.*, 505 F.3d 769, 775 (7th Cir. 2007) eloquently explained:

> "There is nothing improper about making a settlement offer. The concern is that unsophisticated consumers may think that if they don't pay by the deadline, they will have no further chance to settle their debt for less than the full amount; for the offers are in the idiom of limited-time or one-time sales offers, clearance sales, going-out-of-business sales, and other temporary discounts. In fact debt collectors, who naturally are averse to instituting actual collection proceedings for the often very modest sums involved in the consumer debt collection business, frequently renew their offers if the consumer fails to accept the initial offer." *Id.*

37. Notably, the Collection Letter did not contain judicially created safe harbor language pertaining to settlement offers by debt collectors such as "[w]e are not obligated to renew any offers provided," which was designed to balance the interests of consumers and debt collectors. *Id.* at 776.

38. Additionally, as discussed in *O'Boyle v. Real Time Resolutions, Inc*. 910F.3d 388,343 (7th Cir. 201), although the word confusing does not appear in section 1692e, the FDCPA has been interpreted to prohibit confusing presentations.

39. Under this standard a letter might be literally true, but still be misleading or confusing. *Id.* At 344.

40. There is no doubt that Defendant's collection letter was confusing as it did not specifically state the amount of the settlement offer, if this settlement offer was something that Defendant would be willing to provide again or renew and finally the collection letter did not state if this settlement amount would be considered a complete payment regarding the subject debt.

**WHEREFORE**, Plaintiff, JULIE A. GORNEY, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate Sections 1692e and e(10) of the FDCPA;
b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Awarding Plaintiff costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and
d. Awarding any other relief as the Honorable Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

    Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

DATED: May 11, 2021                                             Respectfully submitted,

                                                                               JULIE A. GORNEY

                                                                               By: */s/ Victor T. Metroff*

                                                                               Victor T. Metroff, Esq.
                                                                               Mohammed O. Badwan, Esq.
                                                                               Sulaiman Law Group, Ltd.
                                                                               2500 South Highland Avenue
                                                                               Suite 200
                                                                               Lombard, Illinois 60148
                                                                               (630) 575-8180
                                                                               vmetroff@sulaimalaw.com
                                                                               mbadwan@sulaimanlaw.com